UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARI A. YOUNG<br>8470 Limekiln Pike<br>Apt. 915-2<br>Wyncote, PA 19095<br><br>    Plaintiff,<br><br>v.<br>PROJECT TRANSITION<br>1 Highland Drive<br>Chalfont, PA 18914<br>    and<br>PROJECT TRANSITION d/b/a<br>YOUNG ADULTS PSYCHIATRIC<br>ASSOCIATES<br>1 Highland Drive<br>Chalfont, PA 18914<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO.: _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Cari A. Young, (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Defendants and avers as follows:

### INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendants of the Family and Medical Leave Act ("FMLA" - 29 USC §§2601 *et. seq.*) Plaintiff was unlawfully terminated and suffered damages more fully described herein.

### JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Project Transition (hereinafter "Defendant PT") is a business with multiple locations throughout Southeastern, Pennsylvania which provides apartment-based therapeutic communities that administer psychiatric and/or substance abuse counseling to adults.

8. Defendant Young Adults Psychiatric Associates (hereinafter "Defendant Psychiatric") is a medical clinic doing business in Pennsylvania, with a number of locations in the Philadelphia area.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendants in or about February of 2009.

13. Plaintiff worked for Defendants as a psychiatric rehabilitation counselor.

14. In or about March of 2010, Plaintiff needed to have surgery on her shoulder for a reoccurring work injury.

15. Plaintiff requested medical leave under the Family and Medical Leave Act ("FMLA").

16. Plaintiff took a medical leave from in or about March 2010 until in or about September 2010.

17. Plaintiff intended on returning to work in or about June of 2010, however, Defendants indicated that they never received her FLMA paperwork and that she was considered "resigned."

18. While Plaintiff was out on medical leave, Plaintiff's physician sent her FMLA paperwork to Defendants, which Defendants denied ever receiving, although it was provided on multiple occasions to ensure that Plaintiff was not considered "resigned."

19. In or about June 2010, Defendants sent Plaintiff certain FLMA paperwork, and gave her one day to fill it out and return it to them.

20. In or about June 2010, within the short one-day window provided by Defendants, Plaintiff sent in the FMLA paperwork, which extended her medical leave until on or about August 25, 2010.

21. In or about July of 2010, Plaintiff's physician gave her a return date of on or about October 1, 2010, which she then communicated to Defendants.

22. After Plaintiff informed Defendants of her new October, 1, 2010 return date, Defendants sent her a letter stating that if she did not return by on or about September 2, 2010, she would be considered resigned.

23. Although Plaintiff's obtained medical clearance to restart work on September 2, 2010, and provided this information to Defendants, they sent her an email indicating that she could not begin until September 7, 2010, despite previously giving her an earlier deadline to return to work.

24. Plaintiff began work on September 7, 2010, under the supervision of a new director who continually praised her performance.

25. Within less than approximately two (2) weeks after returning to work, Defendants orally placed Plaintiff on a two (2) day suspension for "breaking a rule."

26. When Plaintiff returned from her suspension, she was terminated by Defendants on September 16, 2010.

27. To date, Plaintiff has not received any written notice of her termination, although Defendants stated that they would provide her with written notice.

28. Almost immediately after Plaintiff returned from her FMLA leave, she was issued discipline for violating a medical policy while other people she worked with were not disciplined for commonly violating the same policy.

Case 2:10-cv-05247-JP   Document 1   Filed 10/06/10   Page 5 of 10

29. In fact, after Plaintiff was terminated, other staff members went to Defendants' director and admitted to violating the same policy as Plaintiff, but they were not terminated.

30. Plaintiff believes that she was treated differently by Defendants when she returned from her medical leave.

31. Plaintiff believes that she was treated in a hostile manner by Defendant PT's Human Resources Senior Director from the time she returned from medical leave until the time that she was terminated.

32. Plaintiff believes that the primary reason she was terminated from Defendants was because of her need for FMLA leave and for exercising her rights under the FMLA.

### First Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference & Retaliation)
### - Against All Defendants -

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was employed for more than one (1) year with Defendants and was otherwise qualified for medical leave under the FMLA in 2010.

35. Plaintiff required a medical leave of absence from in or about March of 2010 to in or about September of 2010 that was FMLA-qualifying.

36. Plaintiff was terminated: (1) because she exercised her rights under the FMLA; (2) for missing time due to FMLA-qualifying reasons; (4) to prevent her from further exercising her rights under the FMLA; and (5) in retaliation for requesting an FMLA extension due to her medical needs.

37. Defendants' actions as aforesaid constitute unlawful retaliation and interference violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of retaliating against and/or interfering with the rights of employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/interference at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                Respectfully submitted,

                **KARPF & KARPF P.C.**

                Christine E. Burke, Esquire
                3070 Bristol Pike
                Building 2, Suite 231
                Bensalem, PA 19020
                (215) 639-0801

Dated: October 6, 2010

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Cari A. Young : CIVIL ACTION
v.
Project Transition, et al : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

10/6/2010     Christine Burke     Plaintiff
Date          Attorney-at-law     Attorney for

(215) 639-0801    (215) 639-4970    Cburke@karpf-law.com
Telephone         FAX Number        E-Mail Address

(Civ. 660) 10/02

HE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of
ment to appropriate calendar.

s of Plaintiff: **8170 Limekiln Pike, Apt 915-2, Wyncote PA 19095**

s of Defendant: **1 Highland Drive Chalfont, PA 18914**

f Accident, Incident or Transaction: **Defendants place of business**
(Use Reverse Side For Additional Space)

his civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
ach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐  No ☒

Yes ☐  No ☒

this case involve multidistrict litigation possibilities?
ATED CASE, IF ANY: _____ Date Terminated _____
Number: _____ Judge _____

cases are deemed related when yes is answered to any of the following questions:

this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐  No ☐

oes this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
tion in this court?
Yes ☐  No ☐

oes this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
rminated action in this court?
Yes ☐  No ☐

/L: (Place ✓ in ONE CATEGORY ONLY)

Federal Question Cases:
☐ Indemnity Contract, Marine Contract, and All Other Contracts
☐ FELA
☐ Jones Act-Personal Injury
☐ Antitrust
☐ Patent
☐ Labor-Management Relations
☒ Civil Rights
☐ Habeas Corpus
☐ Securities Act(s) Cases
☐ Social Security Review Cases
☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)
**Christine Burke**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
ceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: **10/6/2010**   _____ Attorney-at-Law   **308160 / Ceb9351** Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court
except as noted above.

DATE: **10/6/2010**   _____   **Ceb9351 / 308160**

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
YOUNG, CARI A.

### DEFENDANTS
PROJECT TRANSITION, et al.

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**

County of Residence of First Listed Defendant: **Bucks**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf & Karpf, P.C., 3070 Bristol Pike, Building 2 Suite 231, Bensalem PA 19020, (215) 639-0801, cburke@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family and Medical Leave Act "FMLA" (29USC2601)
Brief description of cause:
Violations of the Family and Medical Leave Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE
DOCKET NUMBER

Explanation:

DATE: 10/6/2010

SIGNATURE OF ATTORNEY OF RECORD